UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                          Case No. 8:24-cr-304-WFJ-SPF-1

PHILLIP MICHAEL VALERIANI,
                Defendant.
_____/

## ORDER

Before the Court is Dkt. 26, Mr. Valeriani's motion to suppress evidence resulting from law enforcement's search of his North Franklin Street residence on April 16, 2024. The Government has responded. Dkt. 30. On April 24, 2025, the Court held a hearing on the motion. Dkt. 56. Because it primarily attacks the sufficiency of the affidavit supporting the search warrant, the Court heard argument in support of the motion without requiring additional testimony. The Court ruled from the bench that the motion to suppress would be denied. This is the memorandum explaining that ruling.

## BACKGROUND

The following facts come from the affidavit supporting the search warrant. In late March 2024, Customs and Border Protection ("CBP") detained a package illegally importing Glock switches, which are small devices attachable to Glock handguns to convert them from semi-automatic to automatic firearms. Dkt. 26 at 2.

1

The package was sent from Shenzhen, China and intended for "Dominick Valducci" at an apartment on Reynolds Street in Plant City, Florida. *Id.* "Dominick Valducci," however, returned negative results in Florida's Driver and Vehicle Information Database ("DAVID"). *Id.* at 3. Rather, DAVID indicated Jessica Osorio resided at the Reynolds Street address, and Tampa Electric Company ("TECO") confirmed she held an account for that apartment since October 13, 2023. *Id.* at 2.

Prior to Ms. Osorio, Defendant Phillip Valeriani held an electric account for the Reynolds Street apartment from March 22, 2023, to October 12, 2023. *Id.* at 3. During that time, shipping records procured by Homeland Security Investigations ("HSI") reflected fifty-five additional imports to the Reynolds Street apartment addressed for "Dominick Valducci." *Id.* All but three were from China. *Id.*

DAVID identified Mr. Valeriani's new address in Plant City on North Franklin Street. *Id.* at 4. Law enforcement had previously surveilled the North Franklin Street residence as a suspected site for narcotics distribution. *Id.* On May 11, 2023, the Plant City Police Department conducted a traffic stop of an individual leaving the North Franklin Street residence and found cocaine in her vehicle. *Id.* Subsequently, executing a search warrant at the residence resulted in the seizure of bulk cash, three AR-style magazines, ammunition, a 3D printer, and a box with a shipping label addressed to Mr. Valeriani from firearms dealer Aim Surplus. *Id.* at 4–5.

2

Also at the North Franklin Street residence, law enforcement identified a similar pattern of imports from China addressed to "Dominick Merindino" and "Dominick Sarducci." *Id.* at 4. Like "Dominick Valducci," these names appeared to be fake. *Id.*

On April 16, 2024, HSI first obtained and executed a search warrant for the Reynolds Street apartment. *Id.* at 5. While inside, HSI post-*Miranda* interviewed Ms. Osorio. *Id.* She advised that she subleased the apartment in September 2023 from Mr. Valeriani, who would occasionally return to pick up packages. *Id.* at 5–6. He most recently inquired about the delivery of a package for "Dominick Valducci" "[w]ithin the past month." *Id.* Mr. Valeriani retrieved the packages addressed to "Dominick Valducci," which is the name the apartment's mailbox has borne since before Ms. Osorio arrived. *Id.* Ms. Osorio verified that Mr. Valeriani moved to a residence off North Franklin Street, and TECO confirmed an active account there in Mr. Valeriani's name. *Id.* at 6.

Law enforcement then obtained a search warrant for the North Franklin Street residence on the belief that Mr. Valeriani was receiving packages, at both locations, using monikers to conceal his identity and evade detection. *Id.* The search of the North Franklin Street residence produced *inter alia* various narcotics, drug paraphernalia, firearms, magazines, ammunition, tactical garments, and shipping labels. Dkt. 30 at 3–4.

3

## DISCUSSION

Mr. Valeriani's motion to suppress argues that there were insufficient facts to establish probable cause that contraband would likely be found in his North Franklin Street residence. Dkt. 26 at 7. He argues no connection existed between the North Franklin Street residence and recent criminal activity; specifically, no connection existed between the North Franklin Street residence and the CBP-seized package addressed to Reynolds Street. *Id.* at 7–8. It was never delivered; law enforcement never saw Mr. Valeriani retrieving it. *Id.* at 8. As such, Mr. Valeriani argues law enforcement unreasonably relied on the search warrant. *Id.* at 11–14.

## I.    Probable cause

The Fourth Amendment provides:

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. amend. IV. "Probable cause is 'not a high bar.'" *United States v. Delgado*, 981 F.3d 889, 897 (11th Cir. 2020) (quoting *District of Columbia v. Wesby*, 583 U.S. 48, 57 (2018)). "Probable cause to support a search warrant exists when the totality of the circumstances allows the conclusion that 'there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *United States v. Kapordelis*, 569 F.3d 1291, 1310 (11th Cir. 2009) (quoting *Illinois v. Gates*,

462 U.S. 213, 238 (1983)). "Specifically, the affidavit should establish a connection between the defendant and the residence to be searched and a link between the residence and any criminal activity." *United States v. Martin*, 297 F.3d 1308, 1314 (11th Cir. 2002) (citation omitted).

Here, the affidavit established a connection between the North Franklin Street residence and an ongoing firearms offense. First, law enforcement provided evidence that Mr. Valeriani sometimes operated as "Dominick Valducci." Mr. Valeriani paid for electricity at the Reynolds Street apartment for almost seven months in 2023. Dkt. 26 at 3. During that time, fifty-five shipments arrived addressed to "Dominick Valducci." *Id.* Importantly, Ms. Osorio confirmed that Mr. Valeriani would return to collect packages delivered to "Dominick Valducci." *Id.* at 5–6; *see also id.* at 4 (affiant averring that "[b]ased on the information regarding the aliases, it appears Merindino, Sarducci, and Valducci are all fictitious names Valeriani uses for these international shipments to evade law enforcement detection").

Law enforcement then offered evidence of Mr. Valeriani receiving illegal imports as "Dominick Valducci." Like the package with Glock switches intercepted by CBP in late March 2024, all but three of the other *fifty-five* recorded shipments came from China. Dkt. 26 at 2–3. And notably, that Mr. Valeriani, or "Dominick Valducci," never received the late-March package does not destroy probable cause

to believe criminal activity was ongoing. *See Delgado*, 981 F.3d at 898 (rejecting the defendant's argument that no nexus ever precipitated between his residence and two intercepted narcotics packages because the packages were addressed to the defendant at the residence he owned and "would have been delivered, in due course"); *see also United States v. Jenkins*, 901 F.2d 1075, 1080 (11th Cir. 1990) ("The nexus between the objects to be seized and the premises searched can be established from the particular circumstances involved and need not rest on direct observation." (citation and internal quotation marks omitted)).

Finally, law enforcement tendered evidence connecting Mr. Valeriani to North Franklin Street, and North Franklin Street to the criminal activity. *See Martin*, 297 F.3d at 1314. DAVID, TECO, and Ms. Osorio all confirmed that Mr. Valeriani's new residence was on North Franklin Street. Dkt. 26 at 4, 6. At both Reynolds Street and North Franklin Street, investigators identified the same modus operandi of Chinese imports to "Dominick," with Italian surname "Valducci," "Sarducci," or "Merindino." *Id.* at 4. Considering the totality of the circumstances, following the attempted delivery of Glock switches to "Dominick Valducci" in late March 2024, there was a fair probability law enforcement officers would find evidence of Mr. Valeriani engaged in firearm offenses at his North Franklin Street residence on April 16. *See United States v. Hatcher*, 300 F. App'x 659, 662–63 (11th Cir. 2008) (rejecting the defendant's argument that "there was no indication that any

6

information related to drug trafficking would be found at the residence" because the defendant had previously retrieved a package, identical to the intercepted package, and transported it in a car linked to the residence); *United States v. Williams*, No. 223CR00288AMMNAD, 2023 WL 9380394, at *7–8 (N.D. Ala. Dec. 12, 2023), *report and recommendation adopted*, No. 2:23-CR-288-AMM-NAD, 2024 WL 270082 (N.D. Ala. Jan. 24, 2024) (rejecting the defendant's argument that no nexus existed between his alleged drug activity and the subject residence because officers had collected drug evidence from trash pulls at a second residence connected to the defendant, then observed the defendant drive a known vehicle from that second residence to the subject residence).

In sum, "[p]robable cause deals 'with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.'" *Gates*, 462 U.S. at 241 (quoting *Brinegar v. United States*, 338 U.S. 160, 175 (1949)). In this case, the information in the affidavit sufficiently established a connection between the North Franklin Street residence and an ongoing firearms offense.

## II.    *Leon* **good faith exception**

In any event, courts generally do not render evidence inadmissible when an officer acts in reasonable reliance on a search warrant later found to lack probable

7

cause. *United States v. Leon*, 468 U.S. 897, 922 (1984). The *Leon* good faith exception applies in all but four circumstances:

> (1) where "the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth"; (2) "where the issuing magistrate wholly abandoned his judicial role in the manner condemned in" *Lo–Ji Sales, Inc. v. New York*, 442 U.S. 319, 99 S.Ct. 2319, 60 L.Ed.2d 920 (1979); (3) where the affidavit supporting the warrant is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable"; and (4) where, depending upon the circumstances of the particular case, a warrant is "so facially deficient—i.e., in failing to particularize the place to be searched or the things to be seized—that the executing officers cannot reasonably presume it to be valid."

*Martin*, 297 F.3d at 1313 (quoting *Leon*, 468 U.S. at 923).

It is not clear exactly which of these four grounds for relief Defendant asserts, but none of them apply regardless. For ground one, Mr. Valeriani does not argue that the affidavit included false information. For ground two, Defendant sets forth the law that "[a] magistrate failing to 'manifest that neutrality and detachment demanded of a judicial officer when presented with a warrant application' and who acts instead as 'an adjunct law enforcement officer' cannot provide valid authorization for an otherwise unconstitutional search." Dkt. 26 at 13 (quoting *Lo–Ji Sales*, 442 U.S. at 326–27). But he offers no accompanying evidence or argument that the county court judge who issued the search warrant was not neutral or detached. These cannot be valid bases to suppress the evidence.

For grounds three and four, Mr. Valeriani argues that "[t]he affidavit in [his] case is facially insufficient and devoid of probable cause." Dkt. 26 at 11–12. To the extent Mr. Valeriani argues the warrant was facially deficient, it was not. It identifies the place to be searched as the North Franklin Street residence, and the things to be seized as documentation, packaging labeled with the known aliases, and firearms or parts all related to the firearms offense. Dkt. 55 at 3; *see Leon*, 468 U.S. at 923; *Delgado*, 981 F.3d at 899 (finding a warrant was not "facially deficient" because it adequately conveyed items to be seized).

Finally, Mr. Valeriani's position that the affidavit was so lacking in indicia of probable cause that official belief in it was entirely unreasonable is not tenable. "To exclude evidence on this ground, the affidavit must be so clearly insufficient 'that it provided "no hint" as to why police believed they would find incriminating evidence.'" *United States v. McCall*, 84 F.4th 1317, 1325 (11th Cir. 2023) (quoting *United States v. Morales*, 987 F.3d 966, 976 (11th Cir. 2021)). "[T]he officer's judgment must be more than just 'mistaken'—it must be [] 'plainly incompetent.'" *Id.* (citation omitted). As discussed above, the affidavit in this case provided sufficient "hint" as to the connection between Mr. Valeriani, the North Franklin Street residence, and the illegal importation of firearm parts. *Supra* at 5–7. It was not so "bare-boned" that an officer would have to be "entirely unreasonable" or acting in bad faith to rely on it. *See Martin*, 297 F.3d at 1313, 1315 (explaining suppression

9

is necessary "only if the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause" (citation and internal quotation marks omitted)); *Delgado*, 981 F.3d at 899. Therefore, even if the affidavit did not provide probable cause for the warrant, the evidence found pursuant to the search of the North Franklin Street residence would still be admissible per the *Leon* good faith exception.

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that Defendant Phillip Michael Valeriani's motion to suppress evidence resulting from law enforcement's search of his North Franklin Street residence on April 16, 2024, Dkt. 26, is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida, on June 18, 2025.

/s/ William F. Jung
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record

10